380 So.2d 28 (1980)
STATE of Louisiana
v.
Roosevelt ALLEN.
No. 65226.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
*29 Alton T. Moran, Director, M. Michele Fournet, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob Hester, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.
On August 10, 1977 defendant was charged with first degree murder. R.S. 14:30. After a jury trial he was found guilty as charged; upon recommendation of the jury he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction and sentence, relying upon twelve assignments of error, seven of which he has neither argued nor briefed.
Assignment of Error No. 1
In this assignment of error, defendant contends that the trial judge erred in failing to grant defendant's challenges for cause of two prospective jurors. During voir dire, prospective jurors were asked by defense counsel if they would believe the testimony of a law enforcement officer simply because of his occupation. Mrs. Lawrence replied that she would lean toward believing the testimony of a law enforcement officer since her brother and grandfather were both policemen. Although she stated that she would give more weight to the testimony of law enforcement officers, she said that she would not automatically believe a law enforcement officer just because of his occupation. When questioned by the prosecutor as to whether she would consider all the facts and not just the uniform in deciding whether to believe a witness, Mrs. Lawrence replied, "I think I could. Like I said, it wouldn't interfere to that extent. I think I could judge it fairly." Later she stated that if the state failed to prove its case beyond a reasonable doubt she would resolve that doubt in favor of the accused and return a verdict of not guilty. Defense counsel challenged Mrs. Lawrence for cause; the court denied the challenge, and the defense objected to the ruling.
Another prospective juror, Mr. Varner, similarly indicated that he would give more weight to the testimony of a law enforcement officer than that of a lay person. The trial judge questioned Mr. Varner and determined that Mr. Varner would listen to all of the testimony before he decided to believe a policeman instead of another witness. Defense counsel challenged Mr. Varner for cause; the court again denied the challenge.
Defendant argues that the prospective jurors' responses during voir dire demonstrated that they could not be impartial and that the trial judge, therefore, abused his discretion in denying defendant's challenges *30 for cause. C.Cr.P. 797 provides that a juror may be excused for cause on either of the following pertinent grounds:
"(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict."
Where an accused has exhausted all of his peremptory challenges before completion of the panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause made by him. State v. Qualls, 353 So.2d 978 (La.1977), State v. Ballard, 337 So.2d 481 (La.1976); C.Cr.P. 800. The record shows that defendant exhausted his peremptory challenges before completion of the panel; therefore, his objection is properly before this court.
A defendant needs only to show two things to obtain a reversal: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and (2) that the defendant exhausted all of his peremptory challenges. State v. McIntyre, 365 So.2d 1348 (La.1978). But it should be noted that the trial judge is vested with broad discretion in ruling on a challenge for cause, and that ruling will not be disturbed on appeal absent a showing of abuse of discretion. State v. Drew, 360 So.2d 500 (La.1978). This court has held that a juror who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve. State v. Nolan, 341 So.2d 885 (La.1977); State v. Johnson, 324 So.2d 349 (La.1975). However, this case is distinguishable. Although initially both prospective jurors voiced opinions seemingly prejudicial to the defense, subsequently, upon further inquiry, both Mrs. Lawrence and Mr. Varner demonstrated their willingness and ability to decide the case impartially, according to the law and evidence. Therefore, under these circumstances, the challenges for cause were properly refused by the trial judge.
This assignment lacks merit.
Assignments of Error Nos. 2, 3 and 4
In these assignments of error, defendant contends that the trial judge erred in curtailing defense examination during voir dire. The Constitution of this state guarantees that "the accused shall have the right of full voir dire examination of prospective jurors and to challenge jurors peremptorily." La.Const., Article 1, § 17. C.Cr.P. 786 further provides that the court, the state and the defendant shall have the right to examine prospective jurors and that the scope of the examination shall be within the discretion of the court. Counsel in a criminal case is allowed a wide latitude in voir dire examination, and the scope of inquiry is best governed by a liberal discretion on the court's part. State v. Williams, 375 So.2d 364 (La.1979); State v. Hayes, 364 So.2d 923 (La.1978). Thus, even though the defense is entitled to wide latitude in examining prospective jurors, it is the trial judge who determines the scope of the examination under the prevailing facts and circumstances. State v. Hawkins, 376 So.2d 943 (La.1979); State v. Vinet, 352 So.2d 684 (La.1977).
In reviewing the scope of voir dire, this court must consider the examination as a whole, or at least the entire record of examination of the prospective jurors during which defense contends such prejudicial curtailment occurred. State v. Roach, 338 So.2d 621 (La.1976). On voir dire, defense counsel sought to discern whether the fact that a prospective juror's husband worked for the district attorney's office as an investigator would influence her by asking the following question: "Mrs. Stewart, do you know if your husband's job is at stake if." Her response was interrupted by the prosecutor who objected, contending *31 that such a question insinuated that the state may try to load a jury and jeopardize a man's job because his wife was called to serve as a juror. The trial judge questioned Mrs. Stewart as to whether her husband's job would influence her service on the jury and she responded that it would not. The trial judge then sustained the prosecutor's objection to defense counsel's question and refused to allow the defense to proceed with any further questions to Mrs. Stewart concerning her husband's employment. The court's questioning established that Mrs. Stewart would not be influenced because of her husband's job. Thus, the trial judge did not abuse his discretion in refusing to permit further questioning on this point.
In a related argument, defendant contends that the court erred in limiting his examination of two prospective jurors with regard to their predisposition toward policemen. Defense counsel was allowed to examine thoroughly both prospective jurors on their attitudes regarding police witnesses. In both instances the trial judge denied defense counsel's challenges for cause and the defense persisted in propounding repetitious questions on the same issue. The court curtailed defendant's examination, stating that there was no need to cover it again. This court has held that it is within the judge's discretion to impose reasonable limitations in the interest of orderly trial procedure when the trial judge has granted the defense wide latitude in voir dire examination and defense counsel continues to pose repetitious questions on the subject of a challenge which had already been denied. State v. Alexander, 351 So.2d 505 (La.1977); State v. Square, 257 La. 743, 244 So.2d 200 (1971). The record indicates that the trial judge afforded the defense wide latitude in his voir dire. The ruling complained of merely prohibited repetitious questions by defense counsel on subjects of challenges which had previously been denied. We hold that the court's ruling was a reasonable limitation upon counsel's examination, and a permissible exercise of the court's discretion.
These assignments lack merit.
Assignment of Error No. 5
In this assignment of error, defendant contends that the trial court erred in denying defendant's motion to dismiss the entire jury panel based on a systematic exclusion of blacks. After the jury had been selected, defense counsel moved to dismiss the entire panel based on the systematic exclusion of blacks from the jury. Defendant's argument was based solely on the fact that all nine of the state's peremptory challenges were against blacks. The prosecutor declined to explain his peremptory challenges with the exception of noting that the state had accepted one black woman as a juror, but the defense had excused her. The trial court denied the motion to dismiss the panel and defendant objected to the ruling.
In State v. Washington, 375 So.2d 1162 (La.1979) and State v. Brown, 371 So.2d 751 (La.1979), this court held that a defendant is not denied equal protection by the state's use of peremptory challenges against blacks unless there is a systematic exclusion of blacks over a period of time. In so doing, this court adhered to the principle of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), in which the United States Supreme Court held that a showing that peremptory challenges were used to exclude blacks in a particular case did not establish a violation of equal protection under the Fourteenth Amendment of the United States Constitution. Rather, a showing of systematic exclusion over a period of time is required to present a constitutional issue. The burden is on defendant to establish a prima facie showing of such exclusion. In the present case, the defendant introduced no evidence to show that exclusion of blacks by peremptory challenges had occurred over a period of time. Therefore, his motion to dismiss the entire jury panel was properly denied.
This assignment lacks merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
DENNIS, J., concurs with reasons.
*32 DENNIS, Justice, concurring.
I continue to think it unfortunate that this Court should ignore our state constitution and require a defendant to prove that a prosecutor has practiced racial discrimination "over a period of time" before the defendant can, in his one particular case, show that he has been prejudiced by racially motivated peremptory challenges. In the present case, however, the evidence does not establish a prima facie showing of discrimination even under the Louisiana constitution. See State v. Eames, 365 So.2d 1361 (La.1978) (Dennis, J., concurring).