406 So.2d 221 (1981)
STATE of Louisiana
v.
Calvin STRAUGHTER.
No. 81-KA-0125.
Supreme Court of Louisiana.
November 18, 1981.
*222 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Patrick C. Leitz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Philip O'Neill, Gretna, for defendant-appellant.
BLANCHE, Justice.[*]
Defendant, Calvin Straughter, was convicted of attempted second degree murder and sentenced to 35 years at hard labor. On appeal, he urges 10 assignments of error relating to his conviction and sentence. We find no merit to any of the assigned errors, and accordingly, defendant's conviction and sentence are affirmed.
The facts underlying the defendant's conviction are as follows: Defendant had previously dated and lived with Jackie Robinson. At the time of this incident, Ms. Robinson was living with the victim, Herbert Cockerham. On the evening of the shooting, defendant Straughter was seen driving past the residence of Ms. Robinson and Mr. Cockerham. Defendant then parked his car behind a nearby gymnasium in Bunche Village. Later that night, Cockerham and Ms. Robinson drove to the gymnasium in the victim's car. Cockerham parked his vehicle next to that of the defendant and he and Ms. Robinson got out. At trial, Jackie Robinson testified that Straughter began to argue with Cockerham, then jumped onto the hood of the car, pulled out a gun and fired at the victim. After the first shot, Cockerham began running and the defendant chased him, continuing to fire his weapon. When the victim fell to the ground, the defendant returned to his car and drove away. Ms. Robinson denied the defendant's testimony that she had been quarreling with the victim at the time of the shooting. She testified that she was standing beside Cockerham when the defendant leaped upon the car and began firing. At the first shot she fell to the ground.
The victim also denied that he had quarreled with Ms. Robinson. Herbert Cockerham testified that he was shot 7 times and that the defendant tried to run over him *223 with his car as he left the scene. He stated that he was unarmed throughout the incident.
Calvin Straughter testified that Herbert Cockerham ran toward the trunk of his car as soon as he stepped out of the vehicle. Believing Cockerham was attempting to obtain a weapon, the defendant reached into his own car for a .25 caliber pistol. Looking back at Cockerham, Straughter saw him struggling on the ground with Ms. Robinson. Straughter stated that he fired his weapon for the first time to force Cockerham to release his hold on Jackie Robinson. The defendant testified that he believed Cockerham was armed or was attempting to arm himself as he ran down the street. Straughter continued to fire his pistol as he chased after Cockerham in order to prevent him from obtaining a weapon or stopping to return fire. The defendant denied that he attempted to run over his wounded victim as he fled the scene.
Straughter was subsequently arrested and charged by bill of information with attempted first degree murder. A twelve member jury returned a verdict of guilty of attempted second degree murder. The defendant argues that the following assigned errors on the part of the trial court mandate reversal of his conviction.

Assignment of Error Number 1
By this assignment, the defendant argues that the trial court erred in permitting the state to amend the bill of information. The bill originally charged Calvin Straughter with a violation of "R.S. 14:27:30 in that he did attempt to commit the murder of Herbert Cockerham." Immediately prior to trial, the state was allowed to amend the bill to read as follows: [One Calvin Straughter] violated R.S. 14:27:30 in that he did attempt to commit the first degree murder of Herbert Cockerham." The trial court did not err in allowing the amendment. The state added clarifying language but did not amend the bill to charge a different offense. There was no amendment of substance and no prejudice to the defendant.
This assignment lacks merit.

Assignment of Error Number 3
By this assignment the defendant urges that the trial court erred in denying defendant's challenge for cause of prospective juror Lambert. Ms. Lambert was a security officer at D. H. Holmes for three years and was challenged based on her police related employment. The challenge was denied by the trial court and defense counsel then peremptorily excused Ms. Lambert.
This Court has held that service on a criminal jury by one associated with law enforcement must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Lewis, 391 So.2d 1156 (La.1980).
In this case, however, defense counsel exercised only 9 of the 12 peremptory challenges. This Court has held that failure to exhaust peremptory challenges prevents a defendant from raising denial of a requested challenge for cause on appeal. State v. Ralph, 336 So.2d 836 (La.1976); State v. Allen, 380 So.2d 28 (La.1980). As defendant failed to exhaust his peremptory challenges, he cannot complain of the court's denial of the challenge for cause against Ms. Lambert.
This assignment lacks merit.

Assignments of Error Numbers 2, 4, 5 and 6
By these assignments the defendant argues that the trial court erred in improperly curtailing defendant's voir dire examination of several prospective jurors. Voir dire examination is an important trial right given to both state and defense to aid them in securing an impartial jury and in uncovering predispositions of prospective jurors which might serve as a basis for causal or preemptory challenge. State v. Monroe, 329 S.2d 193 (La.1975). Parties must be afforded wide latitude in the conduction *224 of voir dire; however, the rulings of the trial judge regarding the scope of voir dire examination will not be disturbed absent a clear showing of abuse of discretion. State v. Clark, 325 So.2d 802 (La. 1976).
During the course of voir dire examination, the trial court sustained state objections to defense inquiry into the prospective jurors' understanding of the law relative to character evidence. A review of the record reveals that the trial court fully explained the pertinent law to all prospective jurors and questioned them as to their ability to apply that law as given. Some questioning by the defense counsel as to jurors' understanding of the rules of character evidence was allowed. Curtailment of further inquiry into that area did not constitute an abuse of discretion.
Defendant was again restricted in his inquiry into the attitudes of prospective jurors regarding the use of force in self defense and in defense of others. As with the rules on character evidence, the trial court had read the applicable law to the jurors and questioned them on their willingness to apply that law. Extensive questioning was allowed in these areas and defense inquiry was only curtailed when the questions became cumulative or improper. We are unable to say that the trial court abused his discretion in refusing to allow further questioning.
These assignments of error lack merit.

Assignment of Error Number 7
By this assignment, the defendant contends that the trial court erred in its denial of a defense motion to dismiss the entire jury panel based on the systematic exclusion of blacks. The defendant claims in brief that five of the prospective jurors excluded by the state were black, and were excluded for that reason only.
In State v. Washington, 375 So.2d 1162 (La.1979) and State v. Brown, 371 So.2d 751 (La.1979), this Court held that a defendant is not denied equal protection by the state's use of peremptory challenges against blacks unless there has been systematic exclusion of blacks over a period of time. In so holding, this Court has adhered to the principle of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), in which the United States Supreme Court held that a showing that peremptory challenges were used to exclude blacks in a particular case did not establish a violation of equal protection, under the Fourteenth Amendment of the United States Constitution.
"... Rather, a showing of systematic exclusion over a period of time is required to present a constitutional issue. The burden is on defendant to establish such a prima facie showing of such exclusion." State v. Allen, 380 So.2d 28 (La.1980).
In the present case, the defendant introduced no evidence to show that exclusion of blacks by peremptory challenges had occurred over a period of time. Therefore, his motion to dismiss the entire jury panel was properly denied.

Assignment of Error Number 8
In this assignment the defendant argues that the trial court erred in admitting in evidence, over a defense objection, exhibits S-2 through S-5. The exhibits in question are two spent .25 caliber casings, one live casing and one spent pellet. The objection asserts an inadequate showing of chain of custody of the exhibit items.
A review of the record indicates that the items were properly admitted in evidence. All exhibits were positively identified and the chain of custody from the time of seizure until introduction at trial was sufficiently established.
This assignment of error lacks merit.

Assignment of Error Number 10
By this assignment the defendant argues that his conviction of attempted *225 second degree murder is based on inadequate evidence and is contrary to law. The present standard by which the sufficiency of the state's evidence is determined was set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When a convicted defendant challenges the state's proof of guilt, the reviewing court must ascertain whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, supra; State v. Morgan, 389 So.2d 364 (La.1980).
In the instant case, the defendant admitted the shooting but claimed that his conduct was justified as self defense. Little or no evidence was presented of provocation by Herbert Cockerham. Testifying for the state, Jackie Robinson and Wanda Neal, both witnesses to the incident, stated that the victim was unarmed at the time of the shooting. Both witnesses testified (and Calvin Straughter admitted) that when the defendant first fired at Cockerham, the victim turned and ran. The defendant followed him down the street, continuing to fire his weapon. Construing this evidence in the light most favorable to the prosecution, a reasonable jury could conclude beyond a reasonable doubt that the defendant was guilty of attempted second degree murder.

Assignment of Error Number 9
By this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. As stated above, the defendant was found guilty of attempted second degree murder and sentenced to 35 years' imprisonment. R.S. 14:27 (30.1) provides a maximum sentence of 50 years at hard labor without benefit of parole, probation or suspension of sentence. Thus, the sentence imposed falls within the statutory limits.
A sentence imposed within statutory limits nevertheless may be reviewed for excessiveness. Adequate review mandates that the trial court state specific reasons for an apparently severe sentence in relation to the particular offender and the actual offense. State v. Sepulvado, 367 So.2d 762 (La.1979). To this end, C.Cr.P. art. 894.1, entitled "Sentencing Guidelines, generally."[1] lists several factors which should be considered in imposing sentence. While the trial judge need not articulate every aggravating and mitigating circumstance presented in 894.1, the record must reflect that it adequately considered these *226 guidelines in particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La.1979).
The trial judge gave the following reasons for the sentence imposed in this case:
"The Court will state for the record that the reason that it imposed the sentence that it did is because the Court believes that the defendant is in need of correctional treatment in a custodial environment that can be provided most effectively by a commitmentby his commitment to an institution; that a lesser sentence would deprecate the seriousness of the defendant's crime, particularly since the victim in this case was paralyzed from the waist down as a result of shots fired by the defendant in this particular case and under the circumstances of the case which this Court heard during the trial of the case, this Court feels that the particular sentence that it has rendered is warranted."
These reasons articulated by the trial court satisfy the requirements of art. 894.1. The trial court properly stressed the violent nature of the offense and the severe injuries sustained by the victim in imposing sentence on this defendant. Accordingly, the sentence is affirmed.
AFFIRMED.
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr. of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] C.Cr.P. art. 894.1.

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if: (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or (3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation: (1) The defendant's criminal conduct neither caused nor threatened serious harm; (2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm; (3) The defendant acted under strong provocation; (4) There was substantial ground tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; (5) The victim of the defendant's criminal conduct induced or facilitated its commission; (6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained; (7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime; (8) The defendant's criminal conduct was the result of circumstances unlikely to recur; (9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime; (10) The defendant is particularly likely to respond affirmatively to probationary treatment; and (11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The Court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."