655 So.2d 538 (1995)
STATE of Louisiana
v.
Lynn P. GALLIANO.
No. 93 KA 1101/R.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
*539 John Schoonenberg, Houma, for the State of La.
Jennifer S. Nehrbass and Douglas J. Nehrbass, Sr., Lafayette, for defendant/appellant, Lynn P. Galliano.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
LeBLANC, Judge.
Defendant, Lynn Paul Galliano, was charged by grand jury indictment with aggravated rape, a violation of La.R.S. 14:42. Defendant pled not guilty and, after trial by jury, was found guilty as charged. The trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He appealed, urging six formally assigned errors. Because defendant briefed only two of his formal assignments of error, the other four formal assignments were deemed abandoned. Relying on the well-established jurisprudence of the Louisiana Supreme Court under the provisions of La.C.Cr.P. arts. 844 and 920, see e.g. State v. Spell, 399 So.2d 551, 557 (La.1981); State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977), this court did not consider six additional arguments made by defendant in his appellate brief (under the headings of assignments one, two, four, five, six and eleven), which were neither properly designated assignments of error nor errors patent on the face of the record. We affirmed defendant's conviction, amended his sentence to reflect that he is to be given credit for time served prior to execution of sentence, and remanded the case to the district court with an order to the court to amend the commitment and minute entry of sentencing to reflect that defendant is credited with time served. See State v. Galliano, 93-1101 (La. App. 1st Cir. 6/24/94); 639 So.2d 440.
Defendant applied to the Louisiana Supreme Court for supervisory writs. The Supreme Court granted the applications in part and remanded the case to this court for consideration of the six arguments not formally assigned, which we had declined to address, citing La.C.Cr.P. art. 916(1) and (5); State v. Murphy, 542 So.2d 1373, 1375 n. 4 (La.1989); and State v. Thorne, 514 So.2d *540 1170 (La.1987).[1] Defendant's writ applications were denied in all other respects. State v. Galliano, 94-2030 & 94-2280 (La. 1/6/95); 648 So.2d 911.[2]

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends the trial court committed reversible error in denying his challenge for cause of prospective juror, Ms. Briggette Mitchell. The record reflects that, following the denial of defendant's challenge for cause, he used a peremptory challenge to exclude Ms. Mitchell from service on the jury. After defendant exhausted all twelve of his peremptory challenges, the remaining positions on the twelve person jury were filled. Defendant asserts that Evelyn Lewis, one of the last two jurors selected, was a juror who declared "her biases regarding rape" and "against the alleged perpetrator" and that, because he had been forced to exhaust his peremptory challenges, he was powerless to remedy the situation by peremptorily challenging her.
As previously noted, the record reflects defendant exhausted his peremptory challenges. However, even if defendant had not exhausted his peremptory challenges, he would not have been precluded from complaining of the trial court's ruling refusing to sustain his challenge of Ms. Mitchell for cause. See State v. Burge, 498 So.2d 196, 203 (La.App. 1st Cir.1986). A trial court is vested with great discretion in ruling on a challenge for cause, and its ruling will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion. State v. Allen, 380 So.2d 28, 30 (La.1980); State v. McLean, 525 So.2d 1251, 1254 (La. App. 1st Cir.), writ denied, 532 So.2d 130 (1988).
La.C.Cr.P. art. 797 provides, in pertinent part, as follows:
The state or the defendant may challenge a juror for cause on the ground that:

* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
* * * * * *
During the trial court's voir dire examination of the first panel of prospective jurors, in response to the court's questioning, Ms. Mitchell responded that her former sister-in-law was the victim of a rape in Terrebonne Parish about seven years earlier (at which time the victim was her sister-in-law) and that the rapist had been convicted. At that point, the following exchange occurred between Ms. Mitchell and the court:
*541 THE COURT:
Okay. The fact that this [the instant trial] also involves a rape charge, do you feel that that would affect your ability to be fair or impartial in this matter?
A. I would try to keep an opened [sic] mind about it.
THE COURT:
Okay. You understand that this case has nothing to do with the case involving your sister-in-law?
A. Oh, yeah.
THE COURT:
Or ex-sister-in-law. Okay, when I ask that you give that some thought, obviously as I've indicated, both sides want people who can be fair, listen to the evidence in this proceeding. You can't judge Mr. Galliano's guilty by something that may have happened to your sister-in-law. Do you understand that?
A. Yes, sir.
During defense counsel's voir dire examination of the panel, he questioned Ms. Mitchell, eliciting the following testimony from her:
MR. YATES:
... Ms. Mitchell, let me address you if you don't mind. You have been very honest and very nice enough to tell us here today that you have had the unfortunate experience of having a sister-in-law that you evidently cared something about that was raped in Terrebonne Parish and the man was tried and was convicted of it. You've also been forthcoming enough to tell us that you would try to keep an open mind. Is that what you said? Did I write that down right?
A. Yes sir.
MR. YATES:
Okay. The fact that you used those words, that you would try to keep an open mind, makes me believe that you might have some reservations in your heart about that and you might not be able to keep an open mind. Am I right or am I wrong?
A. You are right.
MR. YATES:
Okay. Thank you.
A. You're welcome.
Thereafter, defense counsel challenged Ms. Mitchell for cause, on the basis that she could not be a fair and unbiased juror because of the unfortunate circumstance of the rape of her former sister-in-law. The trial court denied the challenge, stating that it thought Ms. Mitchell could serve as a fair and impartial juror based on the answers she gave during her voir dire examination. Defense counsel objected to the court's ruling.
We find the trial court clearly erred in denying defendant's challenge for cause of Ms. Mitchell. When initially questioned by the trial court as to her ability to be impartial in view of her sister-in-law's experience, Ms. Mitchell indicated she would try to keep an open mind. When questioned further by the court, Ms. Mitchell stated that she understood her former sister-in-law's case had nothing to do with the present case and that she could not judge defendant on the basis of what happened to her former sister-in-law. However, when subsequently questioned by defense counsel, Ms. Mitchell indicated she had some reservations about whether she would be able to keep an open mind. Despite this response, neither the trial court nor the State made any attempt to rehabilitate Ms. Mitchell by further questioning. Considering the entirety of Ms. Mitchell's responses, particularly her final answer indicating she might be unable to keep an open mind, the trial court clearly abused its discretion in denying defendant's cause for cause.
Defendant exercised a peremptory challenge to excuse Ms. Mitchell. Since Ms. Mitchell therefore did not serve on the jury, we believe this case presents a situation where the harmless error rule should be applied. However, we are precluded from doing so by the Supreme Court's holding in State v. Ross, 623 So.2d 643, 644 (La.1993), that prejudice is presumed if a defendant exhausts his peremptory challenges and establishes an erroneous denial of a defense challenge for cause. Under such circumstances, reversible trial error exists. State v. Lutcher, 94-0291, p. 6 (La.App. 1st Cir. 3/3/95), 652 So.2d 545.
As stated by this court in Lutcher, while we may disagree with the ruling of the Louisiana *542 Supreme Court in Ross, we are bound to follow it. Lutcher, 94-0291, p. 6, 652 So.2d 545. Thus, although it was not shown that defendant suffered any prejudice as a result of the erroneous denial of his challenge for cause, we are mandated by the existing jurisprudence to reverse defendant's conviction and sentence. Accordingly, defendant's conviction and sentence are hereby reversed. This matter is remanded to the trial court for a new trial.[3]
CONVICTION AND SENTENCE REVERSED; REMANDED FOR NEW TRIAL.
NOTES
[1] Clearly, the only matters reviewable on appeal are errors patent and those properly designated as assignments of error. La.C.Cr.P. art. 920. Without doubt, none of the arguments raised in defendant's assignments one, two, four, five, six and eleven constitute patent errors. For alleged errors not constituting patent errors to be reviewable on appeal, the requisite procedures of the Code of Criminal Procedure must have been followed. See State v. Conway, 588 So.2d 1369, 1377 (La.App. 2nd Cir.1991), writ denied, 610 So.2d 797 (1993). Thus, in our view, in order for the issues alleged in the six assignments of error urged by defendant to be properly before this Court, defendant would have had to file supplemental assignments of error in accordance with La.C.Cr.P. arts. 844, 916(1) and (5) & 920. Defendant filed no such formal supplemental assignments, a responsibility we believe was solely his. See State v. Cortina, 632 So.2d 335, 339 (La.App. 1st Cir.1993); State v. Bennett, 517 So.2d 1115, 1121 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1335 (1988). We believe that in the circumstances present herein, i.e., a situation in which an appellant seeks to obtain appellate review of matters which are not errors patent and not formally assigned as errors in accordance with the express provisions of the Louisiana Code of Criminal Procedure, the matters are not properly before us for review. Thus, while we disagree with the Supreme Court's opinion in this case but still must follow it, we feel that the Supreme Court's rule as enunciated in Spell and Spears conforms to the applicable provisions of the Code of Criminal Procedure cited above, is correct, and should be followed in the instant case.
[2] A summary of the facts brought out at trial relating to the instant offense is set forth in our prior opinion. See State v. Galliano, 93-1101 (La.App. 1st Cir. 6/24/94), 639 So.2d 440.
[3] Accordingly, we pretermit consideration of defendant's remaining arguments.