546 So.2d 652 (1989)
STATE of Louisiana
v.
Stanley GAUTHIER
No. 88-KA-2093.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1989.
Rehearing Denied August 9, 1989.
Harry F. Connick, Dist. Atty., Charles L. Collins, Susan Kreston, Asst. Dist. Attys., New Orleans, for plaintiff, appellee.
Philip L. Kitchen, New Orleans, for defendant, appellant.
Before GARRISON, BARRY and KLEES, JJ.
GARRISON, Judge.
The defendant, Stanley Gauthier, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. A jury found the defendant guilty as charged and the trial judge sentenced him to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals.
On November 26,1987, at approximately 12:30 a.m., Officer Gerald Young of the New Orleans Police Department responded to a call of a shooting death outside of a dance club on Downman Road in New Orleans. Officer Young found the victim, Albert Lee, on the ground with gunshot wounds to his face and chest.
Detective Michael Fejka of the police department homicide division interviewed several witnesses to the shooting. After receiving information about the perpetrator, Detective Fejka obtained a photograph of the defendant and prepared a photographic lineup from which several witnesses selected defendant's photograph as that of the man they saw shoot and kill Albert Lee.
Jamal Alexander and Earl Catching were friends of the victim and were with him at the time of the shooting. According to their testimony, they had all attended a high school dance that night and were getting ready to leave the dance in a car driven by Lee moments before the shooting. Alexander was seated in the passenger seat and Catching was in the back seat As Lee attempted to back the car out of the parking space, he noticed that the defendant was standing behind the car. Lee *653 told the defendant to get away from the back of his car so that he could move the car. At that time, the defendant walked over to the driver's side of the car and the two men exchanged words. As Lee began to get out of the car, the defendant pulled out a gun and shot Lee twice. Lee died shortly thereafter.
According to Alexander and Catching, Lee did nothing to provoke the defendant and did not have a gun in his possession at the time of the shooting. They also testified that the defendant fled after the shooting. Another friend of the victim, Kenneth Salsberry, testified that he saw the defendant standing next to Lee's car with a gun in his hand and heard the shots. However, Salsberry did not actually see the shooting because he sought cover when he saw the defendant with the gun. Another witness, Lawrence Lewis, also witnessed the shooting and corroborated the testimony of Alexander and Catching.
The defendant testified that, earlier that evening, he accidently bumped into Lee at the dance and that Lee had cursed at him. He stated that when Lee told him to move away from the back of his car after the dance, he went to Lee's side of the car because Lee was allegedly cursing at him again. The defendant testified that Lee reached under the seat and pulled out a gun and that the defendant shot Lee in self-defense. The defendant contends that he fled the scene out of fear that Lee's friends would shoot him. No gun belonging to Lee was found.
Prior to the arrival of the police at the scene of the shooting, Alexander and Catching left the scene in Lee's car and drove to the home of Lee's mother to inform her of the shooting. The defendant contends that, during that ride, Alexander and Catching disposed of the gun with which Lee allegedly threatened the defendant before the shooting. However, Alexander, Catching and Salsberry all testified that Lee did not have a gun on the night of the shooting. Furthermore, Alexander and Catching testified that Lee did not threaten the defendant or do anything to provoke the shooting. They also stated that they were not in the possession of a gun that evening.
On appeal, the defendant argues that the State failed to carry its burden of proving that the defendant did not act in self-defense which would make this shooting a justifiable homicide under LSA-R.S. 14:20. Alternatively, the defendant argues that the evidence was insufficient to support a conviction for second degree murder and that manslaughter is the most serious conviction possible in view of the evidence presented.
The testimony of Alexander and Catching clearly establishes that the defendant did not shoot Lee in self-defense. They stated that Lee was not armed at the time of the shooting. Although the defendant claims that Lee pointed a gun at him and that he shot Lee in self-defense, no gun belonging to Lee was found. Defendant's self-serving testimony that Alexander and Catching disposed of the gun allegedly used by Lee when they left in Lee's car is completely uncorroborated and, in fact, is contradicted by the witnesses' testimony that Lee was not in possession of a gun on the evening of the shooting. The jury evaluated all of the witnesses' credibility and found the other witnesses to be more credible than the defendant. Their credibility evaluation is a reasonable one and will not be disturbed on appeal.
Therefore, viewing the evidence in the light most favorable to the prosecution as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant did not act in self-defense.
Defendant's next argument that the evidence at trial was insufficient to support a second degree murder conviction and, at most, supports a manslaughter conviction is also without merit. Manslaughter is defined in LSA-R.S. 14:31 as a homicide which would be either first or second degree murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to *654 deprive an average person of his self control and cool reflection.
In this case, there was clearly no such provocation by the victim. Even assuming that defendant's allegations are true that Lee cursed at him at the dance and when telling him to move out of the way of the car, these actions are certainly not the type of provocation which would justify shooting someone. This assignment of error is completely without merit.
Second degree murder is defined in LSR.S. 14:30.1 as the killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm. The testimony established that the defendant shot Lee twice at close range, that Lee was unarmed, and that Lee did nothing to provoke the shooting. This evidence, when viewed in the light most favorable to the prosecution, establishes that a rational juror certainly could have concluded that the defendant was guilty beyond a reasonable doubt of second degree murder.
For the reasons stated above, we affirm defendant's conviction and sentence.
AFFIRMED