859 So.2d 649 (2003)
STATE of Louisiana
v.
Frank W. KANG.
No. 2002-K-2812.
Supreme Court of Louisiana.
October 21, 2003.
Rehearing Denied December 12, 2003.
*650 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Asst. District Attorney, *651 Thomas J. Butler, Jr., Counsel for Applicant.
Robert S. Glass, Glass & Reed, New Orleans, Counsel for Respondent.
KIMBALL, Justice.
In the instant case, we granted a writ of certiorari to determine whether a trial judge erred in refusing to strike a prospective juror for cause. After reviewing the entire record of the prospective juror's voir dire, we conclude that the trial judge did not abuse her broad discretion when she denied the defendant's challenge for cause based on remarks the prospective juror made that allegedly revealed his bias towards police testimony. For the reasons that follow, we find the prospective juror's responses, when viewed as a whole, do not reveal facts from which his bias, prejudice or inability to render a judgment according to law and evidence may be reasonably implied. The judgment of the court of appeal to the contrary is reversed, and the case is remanded to the court of appeal for it to consider the defendant's remaining assignment of error.

FACTS AND PROCEDURAL HISTORY
On March 4, 2000, the defendant, Frank W. Kang, and a group of friends were involved in a confrontation with another group of individuals at a Metairie nightclub. After security broke up the fight, the participants left the premises in three separate vehicles, each traveling in the same direction on Causeway Boulevard. Defendant, who was a passenger in one of the vehicles, fired several shots into one of the other vehicles. One of the shots struck the driver of the other vehicle in the neck and severed his carotid artery.
On April 6, 2000, a grand jury indicted the defendant for one count of second degree murder in violation of La. R.S. 14:30.1. On November 16, 2000, a Jefferson Parish jury found the defendant guilty as charged. On August 8, 2001, the defendant moved for a new trial based on the trial court's refusal to strike a prospective juror, Lawrence Whitcomb, for cause. The trial court denied the defendant's motion and sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant sought review based on two assignments of error. In his first assignment of error the defendant claimed the trial court should have stricken Mr. Whitcomb for cause because he openly expressed a predisposition in favor of the State and police witnesses during voir dire and expressed an inability or reluctance to follow the law. The court of appeal determined that the trial court erred when it failed to excuse Mr. Whitcomb for cause because his voir dire testimony clearly indicated he would give more weight to the testimony of a police officer than to that of a lay witness. Therefore, the court of appeal reversed the defendant's conviction and sentence and remanded the case to the trial court for a new trial, pretermitting a discussion of the remaining assignment of error. State v. Kang, 01-1262 (La.App. 5 Cir 10/29/02), 831 So.2d 409.
We granted the state's application for certiorari to determine whether the court of appeal correctly concluded that the trial court abused its discretion in refusing to strike prospective juror Whitcomb for cause. State v. Kang, 02-2812 (La.4/21/03), 847 So.2d 1176.

LAW AND ANALYSIS
Prejudice is presumed when a trial court erroneously denies a challenge for cause and the defendant ultimately exhausts his peremptory challenges. State *652 v. Robertson, 92-2660, p. 3 (La.1/14/94), 630 So.2d 1278, 1280. This is because an erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error. State v. Cross, 93-1189, p. 6 (La.6/30/95), 658 So.2d 683, 686. Therefore, to prove there has been an error warranting reversal of a conviction and sentence, a defendant need only show: (1) the trial court's erroneous denial of a challenge for cause; and (2) the use of all of his peremptory challenges. Cross, 93-1189 at p. 6, 658 So.2d at 686; Robertson, 92-2660 at p. 3, 630 So.2d at 1281.
The defendant in this case exhausted all of his peremptory challenges; therefore, we need only determine the issue of whether the trial judge erroneously denied the defendant's challenge for cause of Mr. Whitcomb. Thus, as a starting point, we note that under La.C.Cr.P. art 797, a defendant may challenge a juror for cause if:
(2) the juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient grounds for challenge to a juror, if he declares, and the court is satisfied, that he can render and impartial verdict according to the law and the evidence; ...
(4) The juror will not accept the law as given to him by the court.
Initially, Mr. Whitcomb stated that his next door neighbor was a Major in charge of the Jefferson Parish Street Crimes Unit. Upon further questioning about his relationship with his neighbor, he indicated he could put any previous conversations with his neighbor aside in deciding this case and that he never heard anything about this case. When asked if he would be able to be a fair and impartial juror in light of his association with his neighbor, Mr. Whitcomb responded, "[w]eighing testimony equally, I'm going to probably tend to put more weight on the Deputies, especially if it's on things they have observed." Mr. Whitcomb also indicated that he would initially regard the defendant as innocent. Further, Mr. Whitcomb indicated that even though he thought defendant probably did something wrong to end up in court, he would not hold it against the defendant nor would he hold the fact that the defendant was arrested against him. When asked what his vote would be after hearing all the evidence he thought defendant "maybe did this," Mr. Whitcomb stated his vote "would probably be Not Guilty." When Mr. Whitcomb was asked whether he would automatically disbelieve a defendant and/or whether he thought a defendant would say whatever it took to get off the hook, Mr. Whitcomb responded, "No." Additionally, when asked whether he would want someone like himself as a juror if he was on trial for second degree murder, Mr. Whitcomb responded, "Yes." He stated that he would vote "not guilty" if the state could not prove beyond a reasonable doubt that the defendant was not engaged in self-defense.
Defendant argues that Mr. Whitcomb is not impartial because during his voir dire testimony he insisted that he would probably credit police witnesses over lay witnesses in any credibility contest and, further, that the trial court never succeeded in rehabilitating him. Additionally, the defendant avers that when Mr. Whitcomb was questioned about his relationship with his neighbor, he took the opportunity to voice his attitude on the credibility of policemen and did not mince words about his opinion.
Generally, an individual who will unquestionably credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve as a juror. State v. Allen, 380 So.2d 28, 30 *653 (La.1980); State v. Jones, 282 So.2d 422, 431 (La.1973). However, a mere relationship between a prospective juror and a law enforcement officer is not of itself grounds to strike the juror for cause. State v. Anthony, 98-0406, p. 24 (La.4/11/00), 776 So.2d 376, 392; State v. Smith, 430 So.2d 31, 38 (La.1983). Additionally, a prospective juror's seemingly prejudicial response is not grounds for an automatic challenge for cause, and a trial judge's refusal to excuse him on the grounds of impartiality is not an abuse of discretion, if after further questioning the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. State v. Lee, 559 So.2d 1310, 1318 (La.1990); State v. Baldwin, 388 So.2d 664, 671-72 (La.1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981); Allen, 380 So.2d at 30. But, a challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render a judgement according to law may be reasonably implied. State v. Hallal, 557 So.2d 1388,1389-90 (La.1990).
When defendant challenged Mr. Whitcomb for cause, the trial court further questioned Mr. Whitcomb regarding his earlier responses about police testimony and the following exchange took place:
Q: Mr. Whitcomb, you were asked a question with regard to whether you would give Deputies more credibility as witnesses than others. The law says that every witnessthat the credibility of each witness must be decided separately, based upon the testimony of that witness. You can't, as a matter of law, give anyone's testimony more weight just because they're Deputies.
A: I don't see how people can honestly say
Q: If you don't think you honestly can, then that
A: I mean, you know, if I have to. You know, you're asking people as if they're trained experts on certain things. So you know, some parts of their testimony, depending on what it is, I'm going to putyou know, I mean if you ask a Deputy if he remembered what somebody was wearing, over somebody else, I'll probably believe him because...
Q: If you what?
A: If you ask two eyewitnesses, and one is a Deputy and one is not.
Q: You don't think, because he is trained.
A: Because he is trained and he takes, you know, they're trained on that. I mean, I'm trained on certain things. And you know, I have to put more value on that, I mean, honestly, you know. I mean just to say I'm not going toI'm going to disbelieve somebody just because they'reyou know, that's the case. When I'm looking at two statements people make, I have to be honest, you know. I have to
Q: Okay; I understand. Thank you.
A: So that's what my answer was. That's what I was trying to say.
Q: I understand; okay.
Following this exchange, the trial court denied defendant's challenge for cause of Mr. Whitcomb. In denying the challenge, the trial court determined that Mr. Whitcomb was not saying that he would give a deputy's testimony more weight just because he or she was a deputy. Rather, the trial court found that Mr. Whitcomb's voir dire testimony was that he would give weight to a deputy's training in the area of observation.
In State v. Lee, 93-2810 (La.5/23/94), 637 So.2d 102, this court reiterated the broad discretion afforded trial courts' rulings on *654 motions to strike jurors for cause because of their ability to get a first person impression of prospective jurors during voir dire. We characterized our jurisprudence as follows:
We have repeatedly held that a trial judge is vested with broad discretion in ruling on challenges for cause, and only where it appears, upon review of the voir dire examination as a whole, that the judge's exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused, will this Court reverse the ruling of a trial judge....
Lee, 93-2810 at p. 9, 637 So.2d at 108 (quoting State v. Passman, 345 So.2d 874, 880 (La.1977)).
This standard is utilized since the trial court has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning. Anthony, 98-0406 at p. 25, 776 So.2d at 392. Such expressions and intonations are not readily apparent at the appellate level where a review is based on a cold record. Lee, 93-2810 at p. 9, 637 So.2d at 108.
A review of the entire voir dire record reveals that the trial court did not abuse its discretion in denying defendant's challenge for cause of Mr. Whitcomb. Mr. Whitcomb did not state he would give more weight to an officer's testimony regarding anything outside of his or her powers of observation, nor did he state he would automatically believe the testimony of an officer simply because he was a police officer. He simply indicated that because police officers are trained in powers of observation, he would probably give more weight to their observations. This testimony, in and of itself, does not rise to the level of a prejudicial statement such that the trial court was required to rehabilitate the prospective juror. Further, Mr. Whitcomb agreed he would initially presume defendant to be innocent and stated he would vote "not guilty" if the State did not prove beyond a reasonable doubt that the crime was not committed in self-defense. The trial court heard Mr. Whitcomb's testimony and observed his expressions and mannerisms. After review of the record, we cannot find the trial court abused its discretion in denying defendant's challenge for cause as to Mr. Whitcomb.
Both in brief and oral argument, the defendant places much emphasis on Mr. Whitcomb's use of the word "probably" in response to defense counsel's question regarding his likely vote if he thought "maybe" the defendant was guilty. The voir dire transcript of defense counsel's question and Mr. Whitcomb's response reads as follows:
Q: If you were a juror that decided this case, and after having heard all of the evidence in the case, you thought that maybe the Defendant did this?
A: Maybe, it would probably be Not Guilty.
The defendant argues that "probably" indicates Mr. Whitcomb's unacceptable hesitancy to find the defendant not guilty if the state fails to prove its case beyond a reasonable doubt. However, we note that Mr. Whitcomb first used the word "probably" when he stated that he would "probably" tend to believe the testimony of police officers over that of lay witnesses; therefore, if we were to give "probably" the inference that the defendant desires, we would not be here in the first place. It seems that Mr. Whitcomb did not utilize the word "probably" to demonstrate his "insistence" on crediting police testimony or out of an unwillingness to follow the law as provided by the trial court, but rather, it seems that Mr. Whitcomb utilized the *655 word more from his hesitancy to answer questions in a process to which he was unaccustomed.
In reversing the judgment of the trial court, the court of appeal found Mr. Whitcomb "clearly indicated that he would give more weight to the testimony of a police officer than a lay witness." Kang, 01-1262, p. 12 (La.App. 5 Cir 10/29/02), 831 So.2d 409, 415. Further, the court of appeal found that Mr. Whitcomb never unequivocally indicated he could disregard his initial bias toward police officers. Id. These conclusions are not supported by the record and demonstrate the court of appeal's failure to give proper deference to the trial court's findings. Mr. Whitcomb's responses during voir dire should be viewed as a whole, not on a piecemeal basis. Lee, 93-2810 at p. 9, 637 So.2d at 108. Though some of Mr. Whitcomb's remarks or references could be viewed as questionable standing alone and out of context, when the voir dire is properly reviewed as a whole, there is no evidence of Mr. Whitcomb's partiality. The record supports the trial court's conclusion that Mr. Whitcomb did not state he would give an officer's testimony more weight simply because he was employed as a police officer. The court of appeal erred in concluding that Mr. Whitcomb's voir dire testimony clearly indicates his predisposition towards the testimony of a police officer than to that of a lay witness. Moreover, it is apparent from this conclusion that the court of appeal incorrectly failed the give the trial court's conclusions any degree of deference. Properly reviewing the voir dire record as a whole, we find no facts from which we may reasonably imply Mr. Whitcomb's bias, prejudice or inability to render a judgment according to law.
In sum, the court of appeal should not have disturbed the trial court's proper refusal to strike Mr. Whitcomb for cause. The defendant's assignment of error is without merit. Therefore, we reverse the court of appeal's judgment to the contrary and remand this case to the court of appeal to consider the defendant's remaining assignment of error.

DECREE
For the reasons assigned, the judgment of court of appeal is reversed and the case is remanded to the court of appeal for it to consider defendant's remaining assignment of error.
REVERSED and REMANDED.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, Dissenting:
I agree with the decision of the Fifth Circuit Court of Appeal reversing the defendant's conviction and remanding the case to the district court for new trial. The court of appeal made a studied and correct application of the law as applied to the voir dire examination in this case, and, in reversing the conviction, did what it probably perceived as an unpleasant dutyreversed a conviction on a charge of second-degree murder. I would respect conscientious attention to their responsibility by the appellate court judges and affirm their resolution in this case, for the following reasons as well.
The prospective juror at issue, Lawrence Whitcomb, never veered from his view that he would give more weight to the testimony of a police officer than to the testimony of a lay witness because of his belief that the officer is trained to observe details. Mr. Whitcomb's statements provided grounds to support the defendant's challenge for cause under La.Code of Crim. Proc. art. 797(2) and (4), because *656 they showed both that Mr. Whitcomb was "not impartial" and that he would "not accept the law as given to him by the court."
Further, the court's efforts to rehabilitate the juror failed to elicit a neutral response. Mr. Whitcomb did state that he understood the State's burden of negating a claim of self-defense beyond a reasonable doubt and indicated that if the State failed to meet its burden in the defendant's case he would vote to acquit. Mr. Whitcomb further stated that he would not automatically reject any testimony by the defendant as self-serving and unworthy of belief, that he would not hold the defendant's arrest against him as proof he had done something wrong, and that he would want himself on the jury if he were the defendant in this case. On the other hand, Mr. Whitcomb also indicated only somewhat grudgingly that he would accord the defendant his presumption of innocence, and noted his belief that the defendant had "probably" done something wrong because he was appearing in court. Mr. Whitcomb further said that "it would depend on the crime," when asked whether it is preferable to acquit the guilty than convict the innocent. In State v. Hallal, 557 So.2d 1388 (La.1990), this court stated as follows:
[A] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied.
Proper application of the above rule in this case requires that the appellate court decision be affirmed.
As defendant had exhausted his allotted peremptory challenges, he is entitled to a presumption of prejudice from the court's failure to grant his challenge for cause. State v. Robertson, 92-2660, p. 3-4, (La.1/14/94), 630 So.2d 1278, 1280; State v. Ross, 623 So.2d 643, 644 (La.1993). Further, as revealed by the above summary of Mr. Whitcomb's statements, the record as a whole reveals that the district court abused its discretion when it denied the defendant's challenge for cause. Thus, the appellate court correctly reversed defendant's conviction and remanded for new trial. I would affirm that decision.