STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-1242


STATE OF LOUISIANA

VERSUS

RODNEY IAN BARNES



**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C16783
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.


**CONVICTION AND SENTENCE VACATED;**
**REMANDED FOR NEW TRIAL.**



**Van Hardin Kyzar**
**District Attorney**
**Robert Stuart Wright**
**Assistant District Attorney**
**Tenth Judical District**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **State of Louisiana**

**Edward Kelly Bauman**
**Lousiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Rodney Ian Barnes**

**Rodney Ian Barnes**
**CBC U/L Cell #11**
**Louisiana State Penitentiary**
**Angola, LA 70712**
**Pro Se**

**PETERS, J.**

A jury convicted the defendant, Rodney Ian Barnes, of the offense of second degree murder, a violation of La.R.S. 14:30.1. After the trial court sentenced the defendant to serve life in prison without the benefit of parole, probation, or suspension of sentence, the defendant perfected this appeal. In this appeal, the defendant's appellate counsel has asserted two assignments of error, and the defendant has asserted two *pro se* assignments of error. For the following reasons, we vacate and set aside the conviction and sentence and remand the matter to the trial court for a new trial.

## OPINION

The underlying facts giving rise to this prosecution are not in dispute. In June of 2010, the defendant and his then girlfriend, Chakawanda Beard, became involved in an argument which turned violent. The defendant struck Ms. Beard and she fell onto a bed. Before she could get out of the bed, the defendant shot her in the neck. She later died of the bullet wound. The defendant's defense to the second-degree-murder charge is that the shooting was an accident.

### *Errors Patent Review*

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We have performed this review in the matter now before us and find no such errors.

### *Appellate Counsel's Assignment of Error Number One*

The defendant argues in this assignment of error that the evidence is insufficient to support his conviction. Specifically, he asserts that the conviction should be reduced to manslaughter.

Louisiana Revised Statutes 14:30.1 defines the offense of second degree murder. With regard to the matter now before us, it states, in pertinent part, that

"[s]econd degree murder is the killing of a human being . . . [w]hen the offender has a specific intent to kill or to inflict great bodily harm[.]" La.R.S. 14:30.1(A)(1).

On the other hand, the offense of manslaughter is defined by La.R.S. 14:31. With regard to the matter now before us, that statute states that manslaughter is:

> A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed[.]

La.R.S. 14:31(A)(1).

Although the defendant argues that this statute should apply to his criminal conduct, he does not make the act of provocation he relies upon clear. At best, he mentions that he and the victim argued before the offense because he thought she was not being faithful to him.

> As explained by the Louisiana Supreme Court in *State v. Snyder*, 98-1078 (La.4/14/99), 750 So.2d 832, "sudden passion" and "heat of blood" are not elements of manslaughter. "Rather, they are mitigatory factors in the nature of a defense which exhibit a degree of culpability less than that present when the homicide is committed in the absence of these factors." *Id.* at p. 4, 837-38. If a defendant establishes, by a preponderance of the evidence, the presence of these mitigating factors, he or she is entitled to a verdict of manslaughter. *Id. See also State v. Lombard*, 486 So.2d 106 (La.1986).

*State v. Brown*, 00-1021, p. 6 (La.App. 3 Cir. 1/31/01), 780 So.2d 536, 540, *writ denied*, 01-912 (La. 2/1/02), 807 So.2d 854.

Additionally,

> Regardless of the words exchanged, "mere words or gestures, however offensive or insulting, will not reduce homicide from murder to manslaughter." *State v. Massey*, 535 So.2d 1135, 1143 (La.App. 2 Cir.1988). *See also State v. Mitchell*, 39,202 (La.App. 2 Cir. 12/15/04), 889 So.2d 1257, *writ denied*, 05-132 (La.4/29/05), 901 So.2d 1063, quoting *State v. Conerly*, 48 La.Ann. 1561, 21 So. 192 (1897)). "Further, an argument alone will not be a sufficient

provocation in order to reduce a murder charge to manslaughter. *State v. Miller*, 98-642 (La.App. 3 Cir. 10/28/98); 720 So.2d 829, citing *State v. Gauthier,* 546 So.2d 652 (La.App. 4 Cir.1989)." *State v. Charles*, 00-1611, p. 4 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, 519 *writ denied*, 01-1554 (La.4/19/02), 813 So.2d 420.

In reviewing the Defendant's claim, this court must determine "if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the mitigating factors were not established by a preponderance of the evidence." *State v. Hamilton*, 99-523, p. 7 (La.App. 3 Cir. 11/3/99), 747 So.2d 164, 168.

*State v. Johnson*, 06-623, pp. 8-9 (La.App. 3 Cir. 11/2/06), 941 So.2d 696, 702, *writ denied*, 06-3024 (La. 9/14/07), 963 So.2d 995.

In the matter now before us, the defendant acknowledges that he asked the victim about the location of her gun and retrieved it from under a mattress. He also does not dispute the eyewitness testimony of the victim's two teenaged daughters that he told the supine victim to get up, counted to five, and shot her. Given the facts before us, we find no merit in this assignment of error.

### *Appellate Counsel's Assignment of Error Number Two*

We find that part of the second assignment of error asserted by the defendant's appellate counsel has merit. In this assignment of error, the defendant asserts that the trial court erred in denying challenges for cause against two potential jurors, Marco Dale and James Nelson.

When questioned concerning their ability to sit as jurors, both Mr. Dale and Mr. Nelson initially expressed an inability to accept the trial court's instruction to the effect that when a defendant chooses not to testify or present evidence in his defense, a juror may not hold either of those decisions against the defendant and must decide the case based on the evidence before it. After substantial rehabilitative questioning by the trial court, Mr. Nelson finally stated that he would not hold it against the defendant if he failed to testify. On the other hand, no amount of rehabilitation efforts could change Mr. Dale's mind. When confronted

3

with the obligation to follow the trial court instruction, the best responses Mr. Dale made were that "I honestly don't know" and that "I'm just not sure." When the trial court rejected his motion to dismiss the potential jurors for cause, the defendant used peremptory challenges to remove Mr. Nelson and Mr. Dale from the jury. By the time the jury selection process was completed, the defendant had exhausted all of his peremptory challenges.

> When an accused has exhausted all of his peremptory challenges before completion of the jury panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause made by him. *State v. Monroe*, 366 So.2d 1345 (La.1978), appeal after remand, 397 So.2d 1258 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411, reh. denied, 463 U.S. 1249, 104 S.Ct. 36, 77 L.Ed.2d 1455 (1983).

*State v. Scriber*, 605 So.2d 661, 664 (La.App. 2 Cir. 1992).

As it applies in this matter, La.Code Crim.P. art. 797(4) provides that "[t]he state or the defendant may challenge a juror for cause on the ground that . . . [t]he juror will not accept the law as given to him by the court[.]" Additionally, the supreme court has held that:

> Prejudice is presumed when a district court erroneously denies a challenge for cause and the defendant ultimately exhausts his peremptory challenges. *State v. Kang*, 02-2812, p. 3 (La.10/21/03), 859 So.2d 649, 651; *State v. Robertson*, 92-2660, p. 3 (La.1/14/94), 630 So.2d 1278, 1280. A district court's erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant's rights and constitutes reversible error. *Kang*, 02-2812, at p. 3, 859 So.2d at 652; *State v. Cross*, 93-1189, p. 6 (La.6/30/95), 658 So.2d 683, 686; *State v. Bourque*, 622 So.2d 198, 225 (La.1993), *overruled on other grounds by State v. Comeaux*, 93-2729 (La.7/1/97), 699 So.2d 16; *State v. McIntyre*, 365 So.2d 1348, 1351 (La.1978). When a defendant uses a peremptory challenge after a challenge for cause has been denied, the defendant must show: (1) erroneous denial of the challenge for cause; and (2) use of all peremptory challenges. *Kang*, 02-2812, at p. 3, 859 So.2d at 652; *Cross*, 93-1189 at p. 6, 658 So.2d at 686; *Robertson*, 92-2660 at p. 2, 630 So.2d at 1280; *State v. Lee*, 559 So.2d 1310, 1316 (La.1990), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1431, 113 L.Ed.2d 482 (1991). In the

instant case, defendant exhausted all of his peremptory challenges, and therefore, his objection to the ruling refusing to sustain his challenge for cause is properly before the court.

*State v. Lindsey*, 06-255, pp. 2-3 (La. 1/17/07), 948 So.2d 105, 107.

In the present case, we find that the trial court was able to rehabilitate Mr. Nelson, but not Mr. Dale. That being the case, the defendant's assignment of error as to Mr. Dale has merit and requires that we set aside the conviction and sentence and remand this matter to the trial court for a new trial.

### *Defendant's Pro Se Assignments of Error*

Because we find merit in the assignment of error set forth above, we need not consider these assignments of error.

### DISPOSITION

For the foregoing reasons, we vacate the defendant's conviction and sentence and remand this matter to the trial court for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**