FREDERICKA HOMBERG WICKER, Judge.
12Appellant, Joshua Burse, appeals his convictions and sentences following a *651 twelve-person jury trial. On appeal, Mr. Burse argues his convictions should be reversed for two reasons. First, Mr. Burse argues that the trial court erred in denying his challenges for cause with respect to four prospective jurors and, second, that the trial court committed reversible error by trying him before a gender-biased jury. For the reasons that follow, we find that the trial court did not err in denying Mr. Burse’s challenges for cause. Further, we find that Mr. Burse’s failure to object to the alleged gender bias of his jury at trial precludes our consideration of the issue on appeal. Accordingly, Mr. Burse’s convictions and sentences are affirmed.
FACTUAL AND PROCEDURAL HISTORY
On January 31, 2013, Mr. Burse was indicted with one count of aggravated rape upon a juvenile victim under the age of thirteen, in violation of La. R.S. 1.44:42, and one count of sexual battery upon a juvenile victim under the age of thirteen, in violation of La. R.S. 14:43.1. Both charges stem from Mr. Burse’s conduct with the victim in this case, A.L.
The case subsequently proceeded to trial before a twelve-person jury. At trial, A.L.’s mother, L.D., testified as a witness for the prosecution.[1] L.D. testified that A.L. was born in 2005 and is one of her five children. L.D. stated that she and Mr. Burse were previously involved in a romantic relationship, and Mr. Burse is the father of her youngest child. According to L.D., on August 23, 2012, Mr. Burse came to her house to visit their son. L.D. explained that she left Mr. Burse alone with their son in the kitchen while she went into one of the bedrooms. While in the bedroom, L.D. called several times for her daughter, A.L., who did not respond. L.D. testified that she began looking for A.L., who suddenly ran from the kitchen. L.D. testified that she noticed the lights were off in the kitchen and Mr. Burse’s clothing was disheveled. According to L.D., Mr. Burse “couldn’t give [her] a straight answer” about what he was doing with A.L. in the kitchen with the lights off. Ultimately, A.L. told her that “she was playing with [Mr. Burse’s] butt in the kitchen.” L.D. testified that she subsequently took A.L. to the hospital to be examined and also had her speak to the police.
As described by L.D., A.L. was taken to the West Jefferson Medical Center the following day. Dr. Athena Lefort, a pediatrician at West Jefferson Medical Center, testified that she examined A.L. on August 24, 2012 and that A.L. told her that Mr. Burse told her to “play with his private parts [and] stated that he put his penis in her mouth and peed in her mouth and that he touched her butt ... pointing] to her gluteus maximus.” Dr. Lefort reported the incident to the police.
14Petective Brett Taylor testified that he responded to West Jefferson Medical Center to investigate a reported incident of sexual abuse. After speaking with L.D. about the report, Detective Taylor spoke to A.L. who described two separate incidences of Mr. Burse engaging in sexual contact with her. The next day, Detective Taylor set up an interview for A.L. with the Children’s Advocacy Center (“CAC”) and referred her to a doctor at the Care Center. Detective Taylor testified that he *652 monitored the CAC interview from a separate room, and, subsequent to the interview, Detective Taylor prepared an arrest warrant for defendant.
Dr. Jackson, an expert in the field of child abuse pediatrics, testified that A.L. was referred to her by Detective Taylor. She testified that when she spoke to A.L. she provided a “very detailed” statement indicative of sexual abuse. In Dr. Jackson’s opinion, the history given by A.L. was consistent with a child who has been sexually abused. Dr. Jackson based this opinion on the “abundance of details of information that a child her age should not be aware of.... ”
At the time of trial, A.L. testified that she was nine years old. She explained that at first, she did not tell her mother about the “bad things” Mr. Burse did to her because she was scared. She stated that Mr. Burse told her that if she told anyone she would “get in trouble.” She testified that when her mother asked her, she told her about the “bad things” Mr. Burse did to her. The CAC videotape of the interview conducted with A.L. was identified and played for the jury. At the conclusion of the video, A.L. confirmed that she told the truth during the interview.
Mr. Burse testified that he did not know why A.L. was making allegations of sexual abuse against him. Mr. Burse stated that he “would never” and “could never” do the things he was accused of. At the conclusion of trial, the jury returned a verdict of guilty as charged on both counts. The trial court subsequently sentenced Mr. Burse to life imprisonment without the benefit for probation, parole, |Ror suspension of sentence on count one, and 25 years at hard labor without benefit of probation, parQle, or suspension of sentence on count two. This timely appeal follows.
DISCUSSION
In his first assignment of error, Mr. Burse argues that the trial court erred in denying defense counsel’s challenges for cause with respect to four jurors, S.C., J.R., R.G., and D.F. Specifically, Mr. Burse contends that his challenge for cause with respect to prospective juror S.C. should have been granted because, as a teacher with experience supervising children who were victims of sexual and physical abuse, she would be biased towards the juvenile victim in the case and therefore could not perform as a fair and impartial juror. With regard to J.R., R.G., and D.F., Mr. Burse argues that, as victims of sexual abuse, they also lacked the ability to be fair and impartial jurors in this case. For the reasons that follow, we find that the trial court did not err in denying Mr. Burse’s challenges for cause with regard to S.C., J.R., R.G., and D.F.
Mr. Burse also alleges, in a pro-se supplemental brief, that the trial court committed reversible error by allowing him to •be tried before a gender-biased jury. Mr. Burse cites the fact that the voir dire transcript indicates that there were eleven women and one man selected to serve on the jury as evidence that the jury was gender-biased. For the reasons that follow, we find that Mr. Burse’s assertion of gender discrimination was not presented to the trial court, and is therefore not properly before this Court on appeal. Accordingly, Mr. Burse’s convictions are affirmed.

Assignment of Error Number 1

Mr. Burse asserts on appeal that his Sixth Amendment right to an impartial jury was violated by the trial court when the trial court denied his challenges for | ficause as to prospective jurors S.C., J.R., R.G., and D.F. The Sixth Amendment to the United States Constitution guarantees the accused the right to trial by an impar *653 tial jury. State v. Munson, 12-327 (La.App. 5 Cir. 4/10/13), 115 So.3d 6, 12, writ denied, 13-1083 (La.11/22/13), 126 So.3d 476. Further, La. Const. Art. I, § 17 guarantees the accused the right to full voir dire examination of prospective jurors and the right to challenge those jurors peremptorily. A trial court’s erroneous ruling depriving a defendant of a peremptory challenge substantially violates that defendant’s rights and constitutes reversible error. State v. Lindsey, 06-255, p. 2 (La.1/17/07), 948 So.2d 105, 107; State v. Michel, 07-47, p. 8 (La.App. 5 Cir. 5/29/07), 961 So.2d 516, 522, writ denied, 07-1422 (La.1/7/08), 973 So.2d 732.
Prejudice to. a criminal defendant is presumed when the trial court erroneously denies a challenge for cause and the defendant ultimately exhausts his peremptory challenges. State v. Hensley, 04-617, p. 8 (La.App. 5 Cir. 3/1/05), 900 So.2d 1, 8, writ denied, 05-0823 (La.6/17/05), 904 So.2d 683. Therefore, to prevail on appeal, a defendant must demonstrate both the erroneous denial of his challenge for cause and the use of all his peremptory challenges. Lindsey, 06-255 at 3, 948 So.2d at 107; Hensley, 04-617 at 8, 900 So.2d at 8. Additionally, the defendant must show that when the trial court denied his challenge for cause, he used one of his peremptory challenges euratively to remove that juror — thereby reducing his number of peremptory challenges — or waive the issue on appeal. State v. Campbell, 06-0286 (La.05/21/08), 983 So.2d 810, 856. This is true even in a case where the defendant uses all of his peremptory challenges. Id.
In this case, a review of the record reflects that Mr. Burse exhausted all of his peremptory challenges. Mr. Burse also used peremptory challenges to excuse the four prospective jurors at issue in this appeal. Accordingly, Mr. Burse’s ^objection as to the trial court s refusal to grant his challenges for cause are properly before this Court.
The proper grounds for a challenge to a juror’s selection for cause are codified in Louisiana Code of Criminal Procedure Article 797. Article 797 provides that either the state or a defendant may challenge a juror for cause on the grounds that, inter alia:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
A challenge for cause should be granted when, despite declaring his ability to remain impartial, a juror’s responses as a whole reveal facts from which bias, prejudice, or inability to render a judgment according- to the law may be reasonably implied. State v. Kang, 02-2812 (La.10/21/03), 859 So.2d 649, 653. However, a prospective juror’s seemingly prejudicial response is not grounds for an automatic challenge for cause, and a district judge’s refusal to excuse him on the grounds of impartiality is not an abuse of discretion, if, after further questioning, the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. Id.
*654 Under Louisiana law, trial courts are afforded great discretion in determining whether cause has been shown to reject a prospective juror. State v. Lee, 93-2810 (La.05/23/94), 637 So.2d 102, 108. A trial court’s determination regarding |sa challenge for cause will not be overturned on review unless a review of the voir dire as a whole indicates an abuse of discretion. Id.

S.C.

During voir dire, prospective juror S.C. stated that she was a homemaker and substitute teacher. When asked if she or anyone close to her had been the victim of a crime, she stated that she had students in her class who were “physically or sexually abused.” When asked whether her professional experience would prevent her from being a fair and impartial juror, S.C. initially responded, “I don’t know.” The following exchange ensued:
THE COURT: ... [T]he question here is will you put your professional experience aside, all right, and focus just on whether or not you can follow the law in requiring the State to prove the elements of the crimes against this defendant to a point that’s beyond a reasonable doubt and all of the other law that’s been read to you before you conclude innocence or guilt, and that’s along with the opinions of your fellow jurors? Will you do that, not whether you think you might because it’s too late if you’re selected for you to decide otherwise, but will you make that commitment now to do that?
S.C.: I’ll try, I mean I always taught the child says something happened to them then you go with that.. So being honest I always tended to—
THE COURT: I just want your honest answer. But when you say you’ll try though that implies that you may or may not, depending on what may happen. The only thing that’s going to happen here is that you will, if you’re chosen you will hear evidence and you’re going to have to weigh it in accordance with the scales that the law says you have to use.
S.C.: Right, if they fit the requirements of the law, I understand that, yes, I will. THE COURT: Will you do that?
S.C.: Yes, I’ll do that.
THE COURT: You will do it?
S.C.: Yeah, I will try.
| ¡/THE COURT: There you go again.
S.C.: I know but you’re putting me against a wall and I don’t like it.
THE COURT: It’s not that we get a big kick out of putting you against the wall but — it’s that the stakes are so high ... that kind of language and the kind of equivocation that we use when we’re sitting among friends ... about what we think we can do or will do is inappropriate in this setting.
And you’ll forgive me if I seem to be a little harsh or push, but I am, I have to be, at least as to what you will do versus what you think you might do or might not do.
S.C.: I would try to be as fair as possible, I would make it by the law to fit that.
THE COURT: Okay, you will do it?
S.C.: Yes.
THE COURT: Not try to do it, you will doit?
S.C.: No, I will do it.
THE COURT: Is that right?
S.C.: Yes.
Following this exchange, defense counsel challenged S.C. for cause on the basis that, due to her professional experience, she was “taught to always believe the child.” In denying defense counsel’s challenge for cause, the trial court found that *655 S.C.’s responses did not indicate that she was unable to give Mr. Burse a fair trial.
As discussed above, S.C. stated that in her profession as a school teacher, she has had children in her classroom who have been physically and sexually abused. Nevertheless, S.C. demonstrated a willingness and ability to decide the case impartially according to the law and evidence, and her responses as a whole did not reveal facts from which bias, prejudice, or inability to render a judgment according to law could be reasonably implied. See State v. Kang, supra. After |ininitially wavering, S.C. confirmed that she would be a fair and impartial juror. In light of the foregoing, we find that the trial court did not abuse his discretion by denying Mr. Burse’s challenge for cause as to S.C.

J.R, R.G., and D.F.

During voir dire, the trial court asked the prospective jurors whether they or a close friend or relative had been the victim of a crime. In response, prospective juror J.R. stated that she was raped when she was eleven years old. The trial court asked her whether she would be able to set aside her personal experience and give Mr. Burse a fair trial. J.R. replied in the affirmative. Defense counsel challenged J.R. for cause on the basis that, as a victim of childhood rape, she could not be a fair and impartial juror. J.R. was called to the bench and questioned further by defense counsel. During questioning, J.R. stated that the incident was not “out of her mind,” but that she had forgiven the person who raped her. She stated that, at sixty-two years old, although she thinks about the rape when she hears about similar instances of sexual abuse, she does not “dwell on it.” After making those comments, the following exchange took place:
DEFENSE COUNSEL: And when you hear similar things happening it comes to your mind?
J.R.: Yes.
DEFENSE COUNSEL: And you have memories?
J.R.: Yes, and it bothers me.
MR. MILLER: And I noticed when you brought it up you, emotions welled up with you, you maybe even cried a little bit.
J.R.: Yes, sir.
MR. MILLER: Those emotions do you think you could put those aside hearing more than once about something—
| n J.R.: You know, to be honest with you I can try, I don’t know how it would affect me further on, I don’t know, I can’t say.
Following this exchange, defense counsel re-urged his challenge for cause with regard to J.R., stating that even after fifty-one years, J.R.’s emotions were “very palpable” and would “get in the way of her being a fair and impartial juror.” In response, the State argued that although she was admittedly emotional, J.R. also stated that she could be fair. The trial court ultimately denied defense counsel’s challenge for cause with regard to J.R.
As to prospective juror R.G., during voir dire R.G. stated that she was-a victim of ongoing molestation by a family member as “a very young child.” She further stated that she never reported the crime and kept her experience a secret until she was an adult. Following R.G.’s statements, the trial court questioned her about her experience and whether it might affect her as a potential juror. She stated that she would listen to all the evidence offered and not be persuaded to weigh or gauge that evidence based on her own personal experiences. R.G. confirmed that she understood the importance of a fair trial by fair and impartial jurors. She further conveyed her belief that only guilty parties should be punished by the criminal justice system. *656 R.G. noted that she would keep her experiences separate from the claims against Mr. Burse.
Finally, during voir dire, prospective juror D.F. stated that she is a special education teacher at an elementary school. D.F. agreed that the fact that she works with children did not mean that she is “predisposed against any defendant charged with a crime in which it is alleged a child was abused.” She stated that she could be fair, impartial, and could “listen to both sides.” D.F. also disclosed during voir dire that when she was eight years old, she and her sister were abducted by a man |iaon the way home from school. She further explained that she was “sexually molested,” but that, “we ran away, we got away (sic).”
The trial court noted that the memory of that experience visibly upset D.F. and thus asked her whether she would be able to sit through a trial and listen to evidence of alleged sexual abuse of a small child. D.F. responded in the affirmative but indicated, “I don’t know how to say that my experience won’t influence me because I don’t know how to separate that.” However, she further stated that she would listen to the evidence and would be fair because “a man’s life is at risk.” The trial court acknowledged that each juror comes into the courtroom with their own personal experiences and asked D.F. whether she understood the distinction between Mr. Burse and the man who sexually abused her when she was a child. D.F. indicated that she understood that and further stated that she was “intelligent enough to know that this is another man and this is his life at stake.” Defense counsel challenged D.F. for cause on the grounds that she was a “victim and became very emotional.” In denying the challenge for cause, the trial court found that, in spite of being emotional, D.F. clearly stated that she would follow the law as a juror in this ease.
Louisiana appellate courts have repeatedly upheld the denial of challenges for cause of prospective jurors who have been the victims of crimes similar to the one of which the defendant stands charged, where the juror states that he or she would be fair, impartial, and not prejudiced against the defendants. See State v. Thomas, 13-475 (La.App. 3 Cir. 11/06/13), 124 So.3d 633; State v. Stovall, 439 So.2d 618 (La.App. 1 Cir.1983); State v. Williams, 44,418 (La.App. 2 Cir. 6/24/09), 15 So.3d 348, writ denied, 09-1746 (La.3/26/10), 29 So.3d 1250.
This Court addressed the issue in a similar case, State v. Mazique, 09-845 (La.App. 5 Cir. 04/27/10), 40 So.3d 224, writ denied, 10-1198 (La.12/17/10), 51 ho.So.3d 19. In Mazique, this Court affirmed the trial court’s denial of the defendant’s challenge for cause with regard to a potential juror whose child had been the victim of a crime of sexual violence similar to the one for which the defendant was charged. Id. The defendant in Mazique was charged with aggravated incest and pornography involving juveniles, and therefore claimed that the prospective juror could not be impartial because her daughter had been sexually molested as a child. Id. at 239. During voir dire, the prospective juror stated she did not kno\4 whether her experience would affect her ability to sit on the jury but indicated that she had not formed an opinion as to the defendant’s guilt or innocence. Id. When the prosecutor asked the prospective juror whether she could be fair and impartial to both sides she responded “I think I can ... It’s so hard.” Id. However, later, when asked the same question she stated “I can. It will be hard, but I can.” Id. Upon further questioning by defense counsel, the prospective juror indicated that the incident in her life *657 was very traumatic and she was emotional every time she thought about it. Id. She also agreed that given the nature of the case, the incident would weigh heavily on her mind. Id. at 240.
The defendant in Mazique challenged the prospective juror for cause on the basis that she was “visibly shaken and very emotional and upset by the whole thing.” The trial court denied the challenge, finding she was rehabilitated and noting her statement that she could be fair in this case. In affirming the judgment of the trial court, this Court found that the prospective juror’s responses, “as a whole, did not reveal facts from which bias, prejudice, or inability to render a judgment according to law could be reasonably implied.” Accordingly, this Court held the trial court did not abuse its discretion by denying the defendant’s challenge for cause.
| uHere, it appears that J.R., R.6., and D.F.’s voir dire testimony as a whole clearly shows their willingness and ability to be fair and impartial jurors and to decide the case according to the law and evidence. All three jurors clearly communicated their willingness and ability to serve as fair and impartial jurors and to render a judgment according to the applicable law. Therefore, here, as in Mazique, the fact that prospective jurors J.R., R.G., and D.F. had prior experiences as victims of similar crimes to the ones Mr. Burse was charged with is not determinative of their ability to serve as fair and impartial jurors. Thus, we find that the trial court did not err in denying Mr. Burse’s challenges for cause with regard to jurors J.R., R.G., and D.F.

Assignment of Error Number Two

As discussed above, Mr. Burse also argues that the trial court committed reversible error by allowing him to be tried before an allegedly gender-biased jury. According to Mr. Burse, the State used peremptory challenges in order to seat a gender-biased jury. In support of this argument, Mr. Burse points to the gender composition of the jury, which was made up of eleven women and one man.
Peremptory challenges during voir dire may not be based on race or gender. State v. Myers, 99-1803 (La.4/11/00), 761 So.2d 498, 500-01. A prospective juror’s race “is unrelated to his fitness as a juror” and the discriminatory use of peremptory challenges to exclude prospective jurors based on race is impermissible under the equal protection clause of the United States Constitution. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Supreme Court further extended the prohibition on the use of peremptory challenges for discriminatory purpose to gender in J.E.B. v. Alabama ex rel T.B., 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
11KIn order to prevail on a J.E.B. or Batson claim, a criminal defendant must show that he or she objected to the improper use of peremptory challenges at the time of trial. The Louisiana Code of Criminal Procedure proscribes that “an irregularity or error” during a criminal trial “cannot be availed of after verdict unless it was objected to at the time of occurrence.” La.C.Cr.P. Art. 841. The Louisiana Supreme Court has held that the failure to timely object at the time of trial is fatal to a Batson claim on appeal. State v. Juniors, 03-2425 (La.06/29/05), 915 So.2d 291, 316. In this case, the record reflects that Mr. Burse failed to timely object either to the State’s use of peremptory challenges or to the allegedly biased composition of the jury. Accordingly, pursuant to the Louisiana Code of Criminal Procedure, we are precluded from considering the issue on appeal. Therefore, this assignment of error is without merit.
*658 CONCLUSION
For the foregoing reasons, we find that the trial court did not err in denying Mr. Burse’s challenges for cause with regard to the four prospective jurors at issue in this case. Further, we find that Mr. Burse’s assertion of gender discrimination was not presented to the trial court, and is therefore not properly before this Court on appeal. Accordingly, Mr. Burse’s convictions and sentences are affirmed.

AFFIRMED.

. The initials of the victim and those of certain family members are used under the authority of La. R.S. 46:1844(W)(3), which allows the court to protect the identity of a crime victim who is a minor or a victim of a sex offense by using his or her initials. State v. Greene, 06-667, p. 3 (La.App. 5 Cir. 1/30/07), 951 So.2d 1226, 1229, writ denied, 07-0546 (La.10/26/07), 966 So.2d 571.