# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2023 KA 0755

# STATE OF LOUISIANA

# VERSUS

# CHAD MICHAEL BORNE

*Judgment Rendered:* **FEB 2 3 2024**

********

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 614437

The Honorable Judge John E. LeBlanc, *Pro Tempore*, Judge Presiding

********

| | |
|---|---|
| Kristine Russell<br>District Attorney<br>Joseph S. Soignet<br>Jason Chatagnier<br>Assistant District Attorneys<br>Thibodaux, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Bertha M. Hillman<br>Covington, Louisiana | Counsel for Defendant/Appellant<br>Chad Michael Borne |

********

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**LANIER, J.**

The defendant, Chad Michael Borne, was charged by amended bill of information with one count of battery of a police officer, a violation of La. R.S. 14:34.2(A) & (B)(2). He entered a plea of not guilty and, following a trial by jury, was found guilty of the offense charged. The trial court sentenced the defendant to five years at hard labor, without the benefit of probation, parole, or suspension of sentence, to be served consecutively to any other sentences. The defendant now appeals, assigning error to the trial court's denial of his challenge for cause of a prospective juror. For the following reasons, we affirm the defendant's conviction and sentence.

## FACTS

On August 19, 2022, the defendant was an inmate at the Lafourche Parish Jail and housed in the medical clinic. That afternoon, Deputy Dean Bascle went to the clinic to collect lunch trays, at which point the defendant took an additional lunch tray from the cart and refused to return it, despite Deputy Bascle's numerous instructions to do so. The defendant's behavior became more erratic and after Deputy Bascle radioed for backup, the defendant began punching Deputy Bascle repeatedly in the head before putting Deputy Bascle in a chokehold. A backup officer then arrived and was able to pull the defendant off of Deputy Bascle and place him in handcuffs. Deputy Bascle suffered bruising on both sides of his face and strangulation marks on his neck.

## DENIAL OF CAUSE CHALLENGE

In his sole assignment of error, the defendant contends that the trial court erred in denying his challenge for cause of potential juror Beth Hebert.

An accused in a criminal case is constitutionally entitled to a full and complete *voir dire* examination and to the exercise of peremptory challenges. La. Const. art. I, § 17(A). The purpose of *voir dire* examination is to determine

2

prospective jurors' qualifications by testing their competency and impartiality and discovering bases for the intelligent exercise of cause and peremptory challenges. **State v. Mills**, 2013-0573 (La. App. 1 Cir. 8/27/14), 153 So.3d 481, 486, writ denied, 2014-2027 (La. 5/22/15), 170 So.3d 982 and writ denied, 2014-2269 (La. 9/18/15), 178 So.3d 139.

A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. However, a trial court's ruling on a motion to strike jurors for cause is afforded broad discretion due to the trial court's ability to observe prospective jurors during *voir dire*. **State v. Halford**, 2020-0585 (La. App. 1 Cir. 6/4/21), 327 So.3d 1004, 1012, writ denied, 2021-00866 (La. 11/3/21), 326 So.3d 884, cert. denied, 2021-7263, --- U.S. ---, 142 S.Ct. 2658, 212 L.Ed.2d 612 (2022). Moreover, a prospective juror's seemingly prejudicial response is not grounds for an automatic challenge for cause, and a trial judge's refusal to excuse him on the grounds of impartiality is not an abuse of discretion, if after further questioning the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. *Id.* at 1013.

We presume prejudice when the trial court erroneously denies a challenge for cause and the defendant has exhausted his peremptory challenges because an erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error. **State v. Kang**, 2002-2812 (La. 10/21/03), 859 So.2d 649, 651-652.

Herein, the trial court asked the prospective jurors, including Beth Hebert, about any relationships they might have with the lawyers trying the case.

3

Explaining the type of relationship to which it was referring, the trial court explained:

> Everybody knows somebody. Lafourche Parish is a fairly close-knit community but it's not about just that fact of knowing someone. It's how you know them, is it a close personal relationship, is it a business relationship, and will it affect your ability to serve? So those are my questions. Do any of you have any type of relationship either business, personal, social, family, or otherwise with the District Attorney Kristine Russell or Mr. Chatagnier and Ms. Bridgewater .... Raise your hand if so. Okay. None. Fine.

However, during the State's questioning of the panel, Mr. Chatagnier, the Assistant District Attorney, indicated that he and Ms. Hebert were acquaintances and had occasionally crossed paths. Ms. Hebert confirmed that approximately twenty years prior, she dated Mr. Chatagnier's close friend. She further confirmed that she and Mr. Chatagnier had not socialized since then and that this would have no impact on her ability to be fair and impartial. The defendant then moved to challenge Ms. Hebert for cause, arguing that she was a friend of Mr. Chatagnier and that her failure to disclose the relationship when asked by the trial court called into question her credibility. The trial court denied the cause challenge, and the defendant used a peremptory challenge to strike Ms. Hebert.[1] On appeal, the defendant contends that because Ms. Hebert was not candid with the court, she was not qualified to serve as a juror and the trial court erred in denying his challenge for cause.

A juror may be challenged for cause on the ground that the juror lacks a qualification required by law or is not impartial, whatever the cause of his partiality. See La. Code Crim. P. art. 797(1) & (2). Further, a defendant may challenge a juror for cause on the grounds that the relationship between the juror and the district attorney is such that it is reasonable to conclude that it would

---

[1] In trials of offenses other than those punishable by death or necessarily by imprisonment at hard labor, each defendant shall have six peremptory challenges. La. Code Crim. P. art. 799. Herein, the defendant used all six of his peremptory challenges.

influence the juror in arriving at a verdict. La. Code Crim. P. art. 797(3). Finally, a juror may be challenged for cause if the juror will not accept the law as given to him by the court. La. Code Crim. P. art. 797(4). However, the law does not require that a jury be composed of individuals who are totally unacquainted with the defendant, the prosecuting attorney, and the witnesses who may testify at trial. Rather, the law requires that jurors be fair and unbiased. **Halford**, 327 So.3d at 1012.

The appellant argues that it was Ms. Hebert's lack of candor to the court, rather than her relationship with the Mr. Chatagnier, that disqualified her to serve as a juror. We disagree. The record herein indicates that when the trial court inquired into any relationships between parties and potential jurors, the trial court explained it was interested in close personal or business relationships that might affect the juror's ability to serve. Given those qualifications, it is entirely reasonable that Ms. Hebert believed that her former relationship with Mr. Chatagnier's friend did not rise to the level articulated by the trial court.

When asked directly about her relationship with Mr. Chatagnier, Ms. Hebert confirmed that she had previously dated his friend. Ms. Hebert further confirmed that although she and Mr. Chatagnier might say hello if they saw each other, they did not socialize and had not in twenty years. Moreover, Ms. Hebert reiterated her ability to be fair and impartial and to render a decision based only on the evidence presented. In denying the defendant's cause challenge, the trial court noted that the two individuals knew each other twenty years prior and did not socialize or interact other than to say hello. The trial court further found that a cause challenge was not warranted based on Ms. Hebert's credibility or alleged lack of candor to the court.

We find no reason to disturb the trial court's ruling on appeal. Ms. Hebert's responses, as a whole, fail to reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably inferred. See **State v.**

5

**Brown**, 2018-01999 (La. 9/30/21), 330 So.3d 199, 267-270, cert denied, --- U.S. --
-, 142 S.Ct. 1702, 212 L.Ed.2d 596 (2022). Furthermore, we agree with the trial
court that Ms. Hebert's failure to initially disclose her relationship with Mr.
Chatagnier did not constitute a lack of candor to the court. There is nothing in the
record to support the defendant's contention that Ms. Hebert was being dishonest or
purposefully withholding information by not immediately volunteering her
relationship with Mr. Chatagnier. Rather, it appears that Ms. Hebert simply did not
think that her relationship with Mr. Chatagnier's friend two decades prior fell into
the category of "close personal relationship" described by the trial court.

The reviewing court should accord great deference to the trial court's
determination, as the trial court was in the best position to assess Ms. Hebert's
credibility and candor. Additionally, the *voir dire* as a whole supports the trial
court's finding that Ms. Hebert could be fair and impartial. See **State v.
Chappelle**, 2020-0062 (La. App. 1 Cir. 11/9/20), 2020 WL 6557932, *5, writ
denied, 2020-01358 (La. 1/26/21), 309 So.3d 346 (unpublished). Upon reviewing
the record in its entirety, we cannot say that the trial court abused its discretion in
denying the defendant's cause challenge of Ms. Hebert. This assignment of error is
without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

6